UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AARON ABADI, *pro se*,

    Plaintiff,

  v.

MARINA DISTRICT DEVELOPMENT
COMPANY, LLC, *d/b/a* BORGATA
HOTEL CASINO & SPA, *et al.*,

    Defendants.

No. 1:22-cv-00314

**MEMORANDUM ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on *pro se* Plaintiff Aaron Abadi's ("Plaintiff") Amended Complaint, received by the Court on July 11, 2022, asserting claims against Defendants Marina District Development Company, LLC ("Borgata")—which does business as the Borgata Hotel Casino & Spa—and Michael Schultz ("Schultz" and with Borgata, "Defendants"), Borgata's Chief of Security. In an Order dated July 1, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, but simultaneously dismissed his original Complaint for lack of constitutional standing pursuant to § 1915(e)(2)'s mandatory screening process and granted him leave to amend. (ECF No. 4). The Court now turns to that same screening process for Plaintiff's amended pleading, and finds that it too must be dismissed.

    Pursuant to § 1915(e)(2), courts must dismiss a complaint, or any portion thereof, brought by a plaintiff proceeding *in forma pauperis* that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint

when it lacks subject matter jurisdiction over the asserted claims. *See* FED. R. CIV. P. 12(h)(3).

When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

Plaintiff's Amended Complaint generally asserts that Defendants unlawfully discriminated against him on the basis of his disability by denying him access to their hotel and casino facilities based on his refusal to wear a face mask as required by certain Executive Orders issued by the Governor of New Jersey to combat the COVID-19 pandemic. (Am. Compl., ECF No. 5). Specifically, Plaintiff alleges that he intended to travel to Atlantic City, gamble in Borgata's casino, and stay in its hotel in a complimentary room from May 15, 2021, through May 18, 2021. (Am. Compl., ECF No. 5, ¶ 16). In advance of his trip, Plaintiff corresponded with Schultz via email to explain that he has a sensory processing disorder—confirmed by a doctor's note—that prevented him from wearing a face mask and to ask for an accommodation regarding Borgata's

policies requiring masking pursuant to then-operative[1] Executive Orders in the State. (Am. Compl., ECF No. 5, ¶¶ 10, 17; Exhs. A, C–D, ECF No. 5-1). Schultz responded that the Borgata could not accommodate Plaintiff's request. (Am. Compl., ECF No. 5, ¶¶ 18–19).

In response to Schultz's communication, Plaintiff filed a complaint with the New Jersey Division of Civil Rights ("DCR"). (Am. Compl., ECF No. 5, ¶ 31). DCR informed Plaintiff that it declined to pursue any further investigation of the issue by letter dated December 21, 2021. (Am. Compl., ECF No. 5, ¶¶ 31–32; Exh. I, ECF No. 5-1). Plaintiff's original Complaint and subsequent amendment in this Court followed. (Compl., ECF No. 1; Am. Compl., ECF No. 5).

The Amended Complaint contains six counts, alleging Defendants' violation of (i) Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*; (ii) the Rehabilitation Act, 29 U.S.C. § 794(a); (iii) 28 U.S.C. § 1985; (iv) 28 U.S.C. § 1986; (v) 28 U.S.C. § 1983; and (vi) the New Jersey Law Against Discrimination ("NJLAD"), N.J. STAT. ANN. § 10:5-1 *et seq.* Upon review, the Court finds that Plaintiff cannot proceed under any of these stated causes of action, and therefore the Amended Complaint must be dismissed.

I. **Title III Claims**

Plaintiff alleges that Defendants' failure to allow him to make use of their facilities without a face mask amounts to a discriminatory denial of access to public accommodations in violation of Title III of the ADA. (Am. Compl., ECF No. 5, ¶¶ 52–67). Title III protects individuals from discrimination on the basis of disability "in the full and equal enjoyment of the goods, services,

---

[1] The Executive Orders requiring masking in public spaces like Borgata's hotel and casino, *see, e.g.*, N.J.A.C. Exec. Order No. 163 (2020) (collecting earlier Orders), were rescinded by the Governor Phil Murphy on May 24, 2021—days after Plaintiff's planned visit, N.J.A.C. Exec. Order No. 242 (2021) (lifting COVID-19 mitigation restrictions). Importantly, as a public document generally known within this jurisdiction and not subject to reasonable dispute with respect to its or its source's accuracy, the Court may take judicial notice of Executive Order 242. FED. R. EVID. 201.

facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Critically, however, "[u]nder Title III of the ADA, private plaintiffs may not obtain monetary damages and therefore only prospective injunctive relief is available." *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 538 (W.D. Pa. 2013). This caveat necessarily draws the Court back to the standing concerns it raised in its Order dismissing Plaintiff's original Complaint. (ECF No. 4).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he or she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Because only injunctive relief is available to plaintiffs under Title III, the key question is not whether a plaintiff's rights have been violated in the past, but rather whether there is a "real and immediate threat" of continued injury. *See Anderson*, 943 F. Supp. 2d at 538 (quoting *Access 4 All, Inc. v. Absecon Hosp. Corp.*, No. 04-06060, 2006 WL 3109966, at *5 (D.N.J. Oct. 30, 2006)); *see also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects.").

Here, it seems clear to the Court that Plaintiff continues to lack constitutional standing to raise his Title III claims because there is no ongoing threat that any of his rights will be violated. The Executive Orders on which Defendants' policy was based are no longer in effect. N.J.A.C.

4

Exec. Order No. 242 (2021). Although Plaintiff rightly alleges that this is no guarantee that a new mandate might be imposed someday, (Am. Compl., ECF No. 5, ¶ 92), he offers no factual support for the contention that there is an actual, imminent risk that this may occur or that the Borgata will again refuse him the opportunity to visit without a mask.[2] Lacking as much, Plaintiff lacks Article III standing to pursue his Title III claims, which cannot be allowed to proceed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Rehabilitation Act Claims

Plaintiff also alleges that Defendants' conduct violates the Rehabilitation Act. (Am. Compl., ECF No. 5, ¶¶ 68–74). The Rehabilitation Act generally prohibits discrimination on the basis of disability by programs receiving federal financial assistance. Specifically, it provides that—

> [n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a). As relevant here, the Act defines "program or activity" as—

> all of the operations of . . . an entire corporation, partnership, or other private organization, or an entire sole proprietorship (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation . . . any part of which is extended Federal financial assistance.

---

[2] Indeed, a visit to the Borgata's website—of which the Court takes judicial notice, FED. R. EVID. 201—confirms that "[i]n compliance with Governor Murphy's Executive Order, fully vaccinated guests are no longer required to wear masks. Guests who have not been fully vaccinated are *encouraged* to continue wearing a mask." *Borgata Remains Committed to the Health and Safety of Our Guests, Employees and the Overall Well-Being of the State*, BORGATA HOTEL, CASINO & SPA (last visited Sept. 28, 2022) (emphasis added), https://borgata.mgmresorts.com/en/now-open.html.

§ 794(b). Thus, the Act only applies to those entities which receive federal funds. *E.g.*, *Hair v. Fayette County*, 265 F. Supp. 3d 544, 556 (W.D. Pa. 2017) (citing *U.S. Dept. of Transp. v. Paralyzed Veterans of Am.*, 477 U.S. 597, 605 (1986)).[3]

To state a claim under the Act, a plaintiff must show that (1) they are an individual with a disability; (2) they are otherwise qualified for participation in the program or activity, or for the potion sought; (3) they were excluded from the position sought, denied the benefits of, or subject to discrimination under the program or activity solely by reason of their disability; and (4) the relevant program or activity receives federal financial assistance. *Id.*

As to the fourth element, here, Plaintiff merely alleges that "Borgata is a recipient of significant federal funds during the Covid pandemic. This will be proven after appropriate discovery." (Am. Compl., ECF No. 5, ¶ 69). This conclusory statement is insufficient to survive Rule 12(b)(6) review. Without any factual basis for the suggestion that Borgata receives or received federal funding that would bring it within coverage of the Act, Plaintiffs' Rehabilitation Act claim cannot be allowed to proceed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**III.  § 1985 Claims**

Plaintiff also alleges that Defendants conspired to deprive him of civil rights in violation of 28 U.S.C. § 1985(3). (Am. Compl., ECF No. 5, ¶¶ 75–76). To state such a claim, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in

---

[3] There is no individual liability under the Rehabilitation Act. *E.g.*, *Garcia v. SUNY Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001). Accordingly, to the extent Plaintiff seeks to raise a claim under the Act against Schultz individually, that claim cannot proceed. 28 U.S.C. § 1915(e)(2)(B)(ii).

his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006). Despite the seeming breadth of the statute's language, its reach is actually quite limited. "The Supreme Court has recognized only two rights as protected by § 1985(3) against private conspirators: the right to be free from involuntary servitude and the right to interstate travel." *McArdle v. Hufnagel*, 588 F. App'x 118, 120 (3d Cir. 2014). Defendants are both private persons and Plaintiff does not allege a violation of either right. (Am. Compl., ECF No. 5, ¶¶ 3–4, 75–76). Accordingly, Plaintiff has not stated a § 1985 claim, and that portion of his Amended Complaint also cannot proceed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.    § 1986 Claims

Plaintiff also alleges that Defendants negligently failed to prevent the deprival of his civil rights in violation of 42 U.S.C. § 1986. (Am. Compl., ECF No. 5, ¶¶ 77–80). That statute provides that—

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented[.]

§ 1986.

As the statute's terms make clear, liability under § 1986 "depend[s] on a preexisting violation of § 1985." *Clark v. Clabaugh*, 20 F.3d 1290, 1291 (3d Cir. 1994) (quoting *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir.1980)). Having already found that Plaintiff's § 1985 claims cannot proceed, it follows that his § 1986 claims cannot either. 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. § 1983 Claims

Plaintiff further alleges that Defendants deprived him of his rights under color of law in violation of 42 U.S.C. § 1983. (Am. Compl., ECF No. 5, ¶¶ 81–83). That statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

§ 1983. To state a § 1983 claim, a plaintiff must demonstrate that (i) a person deprived them of a federal right and (2) the person who deprived them of that right acted under color of state law. *E.g.*, *Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). However, not just any person can be held liable under § 1983: as with § 1985, only "a state actor" can be. *E.g.*, *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

Only in "rare circumstances" are private parties—such as Defendants here—found to act for the State for § 1983 purposes. *Kaul v. Christie*, 372 F. Supp. 3d 206, 245 (D.N.J. 2019). These circumstances only arise when a plaintiff can "show 'a sufficiently close nexus' between the actions of the private party and the State to warrant treating those actions as those of the State." *Munoz v. City of Union City*, 481 F. App'x 754, 761 (3d Cir. 2012) (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993)). The required nexus may be found where a plaintiff alleges "(1) the private party performed a function typically performed by the state; (2) the private party acted in concert with the State; or (3) the State has become interdependent with the private party." *Id.*

Plaintiff's Amended Complaint contains no such state action allegations. Lacking as much, Plaintiff has not stated a claim under § 1983, and Count V of his Amended Complaint cannot be allowed to proceed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## VI.  NJLAD Claims

Finally, Plaintiff alleges that Defendants' conduct amounts to a violation the NJLAD. (Am. Compl., ECF No. 5, ¶¶ 84–91). However, having already dismissed all of Plaintiff's federal causes of action, Plaintiff is left in search of an independent source of this Court's jurisdiction. *See* 28 U.S.C. §§ 1331, 1367 (defining federal question and supplemental jurisdiction respectively). Plaintiff does not plead a diversity of citizenship between the parties to justify the Court's exercise of its jurisdiction under 28 U.S.C. § 1332, and no other potential source seems forthcoming. Lacking any jurisdictional basis to adjudicate his NJLAD claims, the Court cannot allow them to proceed. 28 U.S.C. § 1915(e)(2)(B)(ii); FED R. CIV. P. 12(h)(3).

*****

For the foregoing reasons, the Court finds that none of the claims raised by Plaintiff in his Amended Complaint can be permitted to proceed. Accordingly,

**IT IS HEREBY** on this  4th  day of  October , 2022,

**ORDERED** that the Clerk of Court shall **REOPEN** this case and **FILE** the Amended Complaint, (ECF No. 5); but it is further

**ORDERED** that, pursuant to the Court's *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B), the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff must file any amended pleading within thirty (30) days of the date of entry of this Order; and it is finally

**ORDERED** that if no amended pleading follows, the Clerk of Court shall **CLOSE THIS CASE**.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**