UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AARON ABADI, *pro se*,

    Plaintiff,

    v.

MARINA DISTRICT DEVELOPMENT
COMPANY, LLC, *d/b/a* BORGATA
HOTEL CASINO & SPA, *et al.*,

    Defendants.

No. 1:22-cv-00314

MEMORANDUM ORDER

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on *pro se* Plaintiff Aaron Abadi's ("Plaintiff") Second Amended Complaint, received by the Court on October 24, 2022, asserting claims against Defendants Marina District Development Company, LLC ("Borgata")—which does business as the Borgata Hotel Casino & Spa—and Michael Schultz ("Schultz" and with Borgata, "Defendants"), Borgata's Chief of Security. In an Order dated July 1, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, but simultaneously dismissed his original Complaint for lack of constitutional standing pursuant to § 1915(e)(2)'s mandatory screening process and granted him leave to amend. (ECF No. 4). Plaintiff filed his First Amended Complaint on July 11, 2022; the Court again screened and dismissed it under § 1915(e)(2). (Memo. Order, ECF No. 5). Plaintiff moved for reconsideration, (ECF No. 7), which the Court denied, but granted him limited leave to amend again, (ECF No. 8), on October 17, 2022. Specifically, the Court's Order provided that "Plaintiff is granted leave to amend for the limited purpose of providing a factual basis for diversity jurisdiction [for Plaintiff's state law claims]."

(ECF No. 8). This brings us to the Second Amended Complaint, (ECF No. 9), which the Court once more screens pursuant to § 1915(e)(2), and now, will allow to proceed in part.

Under § 1915(e)(2), courts must dismiss a complaint, or any portion thereof, brought by a plaintiff proceeding *in forma pauperis* that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint when it lacks subject matter jurisdiction over the asserted claims. *See* FED. R. CIV. P. 12(h)(3).

When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

To begin, the Court notes that its previous Order granting Plaintiff leave to amend, (ECF No. 8), limited that leave to Plaintiff alleging sufficient facts to establish this Court's subject matter jurisdiction for his state law claims under 28 U.S.C. § 1332 (defining federal courts' diversity jurisdiction). To the extent Plaintiff seeks to reassert the federal claims this Court previously dismissed, those claims remain dismissed for the reasons stated in the Court's previous Orders.

2

(ECF Nos. 4, 5, 8).

Turning to Plaintiff's remaining state law claims under the New Jersey Law Against Discrimination ("NJLAD" or "the Act"), N.J. STAT. ANN. § 10:5-1 *et seq.*, the Court finds that Plaintiff has sufficiently alleged facts to support the invocation of this Court's diversity jurisdiction under § 1332 and to state a claim under the Act.[1] Accordingly,

**IT IS HEREBY** on this  30th  day of  January , 2023,

**ORDERED** that the Clerk of Court shall file the Second Amended Complaint, (ECF No. 9); but it is further

**ORDERED** that, pursuant to the Court's *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B), Counts I through V of the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE**; and it is finally

**ORDERED** that the Clerk shall issue a summons and the U.S. Marshal shall serve a copy of the Second Amended Complaint, summons, and this Order upon Defendants as directed by Plaintiff, with the costs of service advanced by the United States.

**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[1] Nothing in this Order should be construed to preclude Defendants from filing a proper motion pursuant to Federal Rule of Civil Procedure 12(c) if they believe it appropriate.