UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AARON ABADI, *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> MARINA DISTRICT DEVELOPMENT COMPANY, LLC, *d/b/a* BORGATA HOTEL CASINO & SPA, *et al.*, <br><br> Defendants. | No. 1:22-cv-00314 <br><br> **MEMORANDUM ORDER** |

**O'HEARN, District Judge.**

     **THIS MATTER** comes before the Court on the Motion filed by *pro se* Plaintiff Aaron Abadi ("Plaintiff")—who is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Order, ECF No. 3)—seeking (i) reconsideration of the Court's prior Order, (ECF No. 10), dismissing his Second Amended Complaint, (ECF No. 9), in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); (ii) the sealing of the Court's prior Orders in this matter, (ECF Nos. 3–5, 8, 10); and (iii) the appointment of *pro bono* counsel. For the reasons that follow, Plaintiff's Motion is **DENIED** to the extent he seeks reconsideration and to seal the Court's prior Orders and **DENIED WITHOUT PREJUDICE** to the extent he seeks the appointment of *pro bono* counsel.

     **I.**     **Motion for Reconsideration**

     Plaintiff has moved for reconsideration of the Court's Order, (ECF No. 10), dismissing in part his Second Amended Complaint, (ECF No. 9), following the Court's mandatory screening of the pleading pursuant to § 1915(e)(2). (ECF No. 13). Specifically, Plaintiff argues that the Court errantly applied the standard contemplated by 28 U.S.C. § 1915A rather than that of § 1915(e)(2),

and in doing so, dismissed his Second Amended Complaint in part despite lacking such authority. (ECF No. 13 at 2–4). Plaintiff's arguments lack merit and his Motion for reconsideration is denied.

As the Court has previously explained, (Order, ECF No. 8), district courts typically grant motions for reconsideration in one of three circumstances: (i) to consider newly-discovered or otherwise previously unavailable relevant evidence; (ii) to revise a previously issued ruling in light of an intervening change in controlling law; or (iii) to correct obvious errors of law or fact or to prevent manifest injustice. *See, e.g.*, *New Chemic (U.S.), Inc. v. Fine Grinding Corp.*, 948 F. Supp. 17, 18 (E.D. Pa. 1996). A litigant's mere disagreement with a court's prior decision is *not* an appropriate basis for such a motion. *Banda v. Corzine*, No. 07–04508, 2008 WL 58824, at *1 (D.N.J. Jan. 3, 2008). As with his previous Motion for Reconsideration, (ECF No. 7), Plaintiff offers no previously-unavailable evidence and identifies no intervening change in law. (Mot., ECF No. 13). Therefore, he must rely on an obvious error or manifest injustice for reconsideration. Neither is present here.

Plaintiff argues that the Court erred by dismissing his Second Amended Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B) because that statute provides only that—

> the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief,

§ 1915(e)(2)(B). In contrast, Plaintiff argues, 28 U.S.C. § 1915A—a separate statute that does not apply to Plaintiff—states,

> On review, the court shall identify cognizable claims or dismiss the complaint, *or any portion of the complaint*, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

§ 1915A (emphasis added). In short, Plaintiff seems to argue that, because the statute lacks specific language referring to partial dismissal, courts screening *in forma pauperis* complaints under

2

§ 1915(e)(2)(B) must either permit those complaints proceed in their entirety or dismiss them in their entirety. But courts are not so constrained.

Plaintiff offers no authority for the proposition that courts are powerless to dismiss complaints in part—which, of course, is not surprising, given that courts effect partial dismissals all the time. Indeed, Plaintiff should be well aware of this practice based on his experience in this court and other courts around the country. *See Abadi v. Target Corp.*, No. 22-02854, 2023 WL 137422, at *2 (E.D. Pa. Jan. 9, 2023) (noting that the court had previously dismissed Plaintiff's complaint in part); *Abadi v. Walt Disney Co.*, No. 22-01766, 2022 WL 991738, at *2 (S.D.N.Y. Mar. 31, 2022) (dismissing Plaintiff's complaint in part). And although Plaintiff complains that the Court "allowed its § 1915(e)(2) review to turn into a full-fledged motion to dismiss on behalf of the Defendant," (Pla.'s Br., ECF No. 13 at 3), that is effectively what § 1915(e)(2) requires: courts must consider whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii), and "[t]he legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)," *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). Plaintiff may not be happy with what the law requires, but that is not a basis for this Court's reconsideration of its Order dismissing his Second Amended Complaint in part. *Banda*, 2008 WL 58824, at *1. Accordingly, Plaintiff's Motion is denied to the extent it seeks reconsideration.

## II. Motion to Seal

Plaintiff has also moved to seal the Court's prior Orders. (ECF Nos. 3–5, 8, 10). But "[t]he public and the press possess a First Amendment and a common law right of access to civil proceedings; indeed, there is a presumption that these proceedings will be open." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984). The presumption of public access

to judicial records is rebuttable only by a showing of good cause. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "[G]ood cause" requires "a particularized showing that disclosure will cause a clearly defined and serious injury to the party seeking closure[; t]he injury must be shown with specificity." *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient to support a good cause showing. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

This Court's Local Rule 5.3 establishes the procedure by which a litigant may move to seal a docket entry. The litigant must file a motion describing—

(a) the nature of the materials or proceedings at issue;
(b) the legitimate private or public interest which warrants the relief sought;
(c) the clearly defined and serious injury that would result if the relief sought is not granted;
(d) why a less restrictive alternative to the relief sought is not available;
(e) any prior order sealing the same materials in the pending action; and
(f) the identity of any party or nonparty known to be objecting to the sealing request,

L. Civ. R. 5.3(c)(2).

Plaintiff's Motion does not comply with Local Rule 5.3, and in any event, fails to articulate what prejudice he will suffer if the Court's prior Orders are not sealed. Those Orders dismissed several of Plaintiff's claims. (ECF Nos. 3–5, 8, 10). He has moved (multiple-times-over) for reconsideration. (ECF Nos. 7, 13). Reconsideration has been denied. *See supra* Part I. Plaintiff will suffer no prejudice from Defendants learning that certain claims have previously been dismissed. Accordingly, to the extent Plaintiff seeks to seal Court's prior Orders in this matter, Plaintiff's Motion is denied.

### III. Motion for *Pro Bono* Counsel

Finally, Plaintiff has also moved for the appointment of *pro bono* counsel, presumably pursuant to 28 U.S.C. § 1915(e). However, Plaintiff's present briefing is insufficient for the Court

to determine whether it would be an appropriate exercise of its discretion to appoint counsel for him. Specifically, Plaintiff must demonstrate that his case has "some arguable merit in fact and law," *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002), and that the factors articulated by the Third Circuit in *Tabron v. Grace*, 6 F.3d 147, 156–57 (3d Cir. 1993), weigh in favor of the appointment of counsel.[1] Having not addressed these factors at all, Plaintiff's request is denied without prejudice at this time. He may file an appropriate motion addressing the relevant factors if he so chooses.

*****

For the foregoing reasons,

**IT IS HEREBY** on this __8th__ day of __February__, 2023,

**ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 13), is **DENIED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's Motion is **DENIED** to the extent he seeks reconsideration of the Court's prior Order dismissing his Second Amended Complaint in part, (ECF No. 10), and to the extent he seeks to seal the Court's prior Orders in this case, (ECF Nos. 3–5, 8, 10); and it is finally

**ORDERED** that Plaintiff's Motion is **DENIED WITHOUT PREJUDICE** to the extent he seeks the appointment of pro bono counsel under 28 U.S.C. § 1915(e).

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**

---

[1] The *Tabron* factors include: (1) the movant's ability to present his or her own case; (2) the difficulty or complexity of the legal issues involved in the case; (3) the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; (4) whether and to what extent the case is likely to turn on credibility determinations; (5) whether expert testimony will be required in presenting the case; and (6) whether the movant is able to retain and afford counsel on his or her own behalf. 6 F.3d at 156–57.